IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2003

## STATE OF TENNESSEE v. DAVID C. BEATS

**Appeal from the Criminal Court for Davidson County**
**No. 2000-A-255     Cheryl Blackburn, Judge**

_____

### No. M2002-02710-CCA-R3-CD - Filed March 24, 2004

_____

The defendant, David C. Beats, was convicted of theft over $10,000.00 and received a ten-year suspended sentence. After a positive drug screen, the trial court revoked probation and ordered service of the original sentence. In this appeal of right, the defendant argues that the trial court abused its discretion by revoking his probation. The judgment is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Kirk Vandivort, Charlotte, Tennessee (on appeal); and Jefre S. Goldtrap, Nashville, Tennessee (at trial), for the appellant, David C. Beats.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 11, 2000, the defendant was convicted of theft over $10,000.00. See Tenn. Code Ann. § 39-14-103. The trial court imposed a ten-year sentence, all suspended under the community corrections program. On August 7, 2002, a drug screen indicated cocaine use and a probation violation warrant was issued. After a hearing, the trial court revoked probation and ordered service of the entire sentence in the Department of Correction.

At the hearing, Stephen Stewart, the supervising officer, testified that the defendant had broken his leg and, as a result, had been unemployed for a time but that he had otherwise complied with the terms of the community corrections sentence. He recalled that upon learning of the test results, the defendant claimed that he had ingested the cocaine by mistake, explaining that someone had given him a cigarette that "tasted funny."

The defendant's wife, Billie Beats, who had three children by a previous marriage, testified that she and the defendant had one child together. She claimed that because her family lived with a friend, they had no control over "drug dealers being outside on [their] porches on a daily basis." Ms. Beats contended that she knew several cocaine users who laced their cigarettes with the drug and that the defendant smoked "full flavored cigarettes," never menthol cigarettes.

The defendant, who acknowledged a long history of marijuana use, admitted that he had tested positive for cocaine but contended that he had used it inadvertently after being given an otherwise ordinary-looking menthol cigarette:

> I got a cigarette from a guy that came over one day and I smoked it. It was a menthol because I didn't have any and it didn't taste right but it's a menthol so to me, it shouldn't taste right, and I didn't notice any effects because of the painkiller I took for my ankle, . . . and then later found out that there was cocaine in that cigarette.

The defendant identified the man who had given him the cigarette as "Nelson," a visitor of the friend with whom he and his family resided. He testified that he was unemployed at the time of the incident but that he had found a job and was working when he was arrested on the probation violation warrant a week later.

After observing that "[the defendant's] story, quite honestly, makes no sense," the trial court revoked probation and ordered that the defendant serve his sentence in the Department of Correction.

Our general law provides that a trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e) (Supp. 2001); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Gear 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In our view, the defendant has failed to establish that the trial court did not exercise a conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant tested positive for cocaine use and admitted having ingested the drug. The trial court rejected altogether the defendant's claim that he had mistakenly consumed the cocaine. A revocation of an alternative sentence will not be overturned absent an abuse of discretion. See Harkins, 811 S.W.2d at 82. Under these circumstances, there was no abuse of discretion.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE